UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:  8:10 – cv – 1466

GAMERMODZ, LLC, a Florida limited liability
company,

      Plaintiff,

v.

MIKHAIL GOLUBEV, an individual,
GAMINGMODZ INC., a Florida corporation,
and RAPIDMODZ INC., a Florida corporation,

      Defendants.

_____/

GAMINGMODZ INC., a Florida corporation,
RAPIDMODZ INC., a Florida corporation,

      Counterclaim Plaintiffs,

v.

GAMERMODZ, LLC, a Florida limited liability
company,

      Counterclaim Defendant.

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO GAMERMODZ'S COMPLAINT [D.E. 1] AND COUNTERCLAIM**

    Defendants, MIKHAIL GOLUBEV ("GOLUBEV"), GAMINGMODZ INC. (GAMINGMODZ) and RAPIDMODZ INC. ("RAPIDMODZ") by and through undersigned counsel, hereby file their Answer and Affirmative Defenses to GAMERMODZ's ("GAMERMODZ") Complaint [D.E. 1], and in support thereof state as follows:

**PARTIES, JURISDICTION AND VENUE**

    1.    GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained

in paragraph 1 of GAMERMODZ's Complaint for jurisdictional purposes only, but it is denied that GAMERMODZ is entitled to any of the relief under any of the causes of action as alleged in the Complaint and strict proof is demanded thereof.

2.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit GOLUBEV is a Florida resident and the registered agent of GAMINGMODZ and RAPIDMODZ.   GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the remaining allegations contained in paragraph 2 of GAMERMODZ's Complaint and demand strict proof thereof.

3.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 3 of GAMERMODZ's Complaint for jurisdictional purposes only, but it is denied that GAMERMODZ is entitled to any of the relief under any of the causes of action as alleged in the Complaint and strict proof is demanded thereof.

4.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 4 of GAMERMODZ's Complaint for jurisdictional purposes only, but it is denied that GAMERMODZ is entitled to any of the relief under any of the causes of action as alleged in the Complaint and strict proof is demanded thereof.

5.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 5 of GAMERMODZ's Complaint for jurisdictional purposes only, but it is denied that GAMERMODZ is entitled to any of the relief under any of the causes of action as alleged in the Complaint and strict proof is demanded thereof.

6.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 6 of GAMERMODZ's Complaint as it relates to venue, but it is denied that GAMERMODZ is entitled to any of the relief under any of the causes of action as alleged in the Complaint and strict proof is demanded thereof.

7.      GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 7 of GAMERMODZ's Complaint and demand strict proof thereof.

## INTRODUCTION

GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in the Introduction of GAMERMODZ's Complaint and demand strict proof thereof.

## THE BUSINESS OF GAMERMODZ GAMERMODZ

8.      GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 8 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

9.      GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 9 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

10.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 10 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

11.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 11of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

12.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 12 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

13.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit that an Exhibit "A" is attached to the Complaint and Exhibit "A" speaks for itself.  GOLUBEV, GAMINGMODZ and

RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 13 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

14.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 14 of GAMERMODZ's Complaint and demand strict proof thereof.

15.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 15 of GAMERMODZ's Complaint and demand strict proof thereof.

16.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 16 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

17.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 17 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

18.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 18 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

19.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 19 of GAMERMODZ's Complaint and demand strict proof thereof.

20.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 20 of GAMERMODZ's Complaint and demand strict proof thereof.

21.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 21 of GAMERMODZ's Complaint and demand strict proof thereof.

## THE BUSINESS OF DEFENDANT GAMINGMODZ, INC.

22. GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 22 of GAMERMODZ's Complaint and demand strict proof thereof.

23. GOLUBEV, GAMINGMODZ and RAPIDMODZ admit that on or about December 16, 2009, the domain name "Gamingmodz.com" was registered, but deny that Golubev is registrant as alleged in paragraph 23 of GAMERMODZ's Complaint and demand strict proof thereof..

24. GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 24 of GAMERMODZ's Complaint and demand strict proof thereof.

25. GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 25 of GAMERMODZ's Complaint and demand strict proof thereof.

26. GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 26 of GAMERMODZ's Complaint.

27. GOLUBEV, GAMINGMODZ and RAPIDMODZ admit GOLUBEV is the registered agent of GAMINGMODZ and RAPIDMODZ but deny the remaining allegations contained in paragraph 27 of GAMERMODZ's Complaint and demand strict proof thereof.

28. GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 28 of GAMERMODZ's Complaint and demand strict proof thereof.

29. GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 29 of GAMERMODZ's Complaint and demand strict proof thereof.

30. GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 30 of GAMERMODZ's Complaint and demand strict proof thereof.

31. GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained

in paragraph 31 of GAMERMODZ's Complaint and demand strict proof thereof.

32.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 32 of GAMERMODZ's Complaint and demand strict proof thereof.

33.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 33 of GAMERMODZ's Complaint and demand strict proof thereof.

34.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 34 of GAMERMODZ's Complaint and demand strict proof thereof.

35.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 35 of GAMERMODZ's Complaint and demand strict proof thereof.

36.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 36 of GAMERMODZ's Complaint and demand strict proof thereof.

37.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 37 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

38.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit that an Exhibit "B" is attached to the Complaint and that Exhibit "B" speaks for itself.  GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the remaining allegations of paragraph 38 of GAMERMODZ's Complaint and demand strict proof thereof.

39.     The May 20, 2010 letter speaks for itself and GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the remaining allegations contained in paragraph 38 of GAMERMODZ's Complaint and demand strict proof thereof.

40.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 40 of GAMERMODZ's Complaint.

## THE BUSINESS OF DEFENDANT RAPIDMODZ, INC.

41.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 41 of GAMERMODZ's Complaint and demand strict proof thereof.

42.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit GOLUBEV is an officer/director and the registered agent for the Defendant, RAPIDMODZ.

43.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 43 of GAMERMODZ's Complaint.

44.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 44 of GAMERMODZ's Complaint.

45.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 45 of GAMERMODZ's Complaint and demand strict proof thereof.

46.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 46 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

47.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 47 of GAMERMODZ's Complaint and demand strict proof thereof.

48.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 48 of GAMERMODZ's Complaint and demand strict proof thereof.

49.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 49 of GAMERMODZ's Complaint and demand strict proof thereof.

50.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 50 of GAMERMODZ's Complaint and demand strict proof thereof.

51.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained

in paragraph 51 of GAMERMODZ's Complaint and demand strict proof thereof.

52.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 52 of GAMERMODZ's Complaint and demand strict proof thereof.

53.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 53 of GAMERMODZ's Complaint and demand strict proof thereof.

54.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 54 of GAMERMODZ's Complaint and demand strict proof thereof.

55.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 55 of GAMERMODZ's Complaint.

56.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 56 of GAMERMODZ's Complaint and demand strict proof thereof.

57.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 57 of GAMERMODZ's Complaint and demand strict proof thereof.

58.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 58 of GAMERMODZ's Complaint and demand strict proof thereof.

59.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 59 of GAMERMODZ's Complaint and demand strict proof thereof.

60.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 60 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

61.     The documents speak for themselves and the remaining allegations and denied contained in paragraph 61of GAMERMODZ's Complaint and demand strict proof thereof.

62.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit that an Exhibit "B" is

attached to the Complaint and that Exhibit "B" speaks for itself. GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the remaining allegations of paragraph 62 of GAMERMODZ's Complaint and demand strict proof thereof.

63.     GOLUBEV, GAMINGMODZ and RAPIDMODZ admit the allegations contained in paragraph 63 of GAMERMODZ's Complaint.

64.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 64 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

65.     GOLUBEV, GAMINGMODZ and RAPIDMODZ are without knowledge regarding the truth of the allegations contained in Paragraph 65 of GAMERMODZ's Complaint and therefore deny same and demand strict proof thereof.

### COUNT I
### FEDERAL SERVICE MARK INFRINGEMENT
**(Defendants Mikhail Golubev and Gamingmodz, Inc.)**

66.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny that Count I of GAMERMODZ's Complaint states a claim for federal service mark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

67.     GOLUBEV, GAMINGMODZ and RAPIDMODZ repeat and reallege their responses to paragraphs 1-65 above as if fully set forth herein.

68.     The statute alleged speaks for itself and no answer is required.

69.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 69 of GAMERMODZ's Complaint and demand strict proof thereof.

70.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 70 of GAMERMODZ's Complaint and demand strict proof thereof.

71.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 71 of GAMERMODZ's Complaint and demand strict proof thereof.

## COUNT II
## FEDERAL SERVICE MARK INFRINGEMENT
### (Defendants Mikhail Golubev and Rapidmodz, Inc.)

72.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny that Count II of GAMERMODZ's Complaint states a claim for federal service mark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73.     GOLUBEV, GAMINGMODZ and RAPIDMODZ repeat and reallege their responses to paragraphs 1-65 above as if fully set forth herein.

74.     The statute alleged speaks for itself and no answer is required.

75.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 75 of GAMERMODZ's Complaint and demand strict proof thereof.

76.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 76 of GAMERMODZ's Complaint and demand strict proof thereof.

77.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 77 of GAMERMODZ's Complaint and demand strict proof thereof.

## COUNT III
## FEDERAL UNFAIR COMPETITION
### (Defendants Mikhail Golubev and Gamingmodz, Inc.)

78.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny that Count III of GAMERMODZ's Complaint states a claim for federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     GOLUBEV, GAMINGMODZ and RAPIDMODZ repeat and reallege their responses to paragraphs 1-65 above as if fully set forth herein.

80.     The statute alleged speaks for itself and no answer is required.

81.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 81 of GAMERMODZ's Complaint and demand strict proof thereof.

82.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 82 of GAMERMODZ's Complaint and demand strict proof thereof.

83.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 83 of GAMERMODZ's Complaint and demand strict proof thereof.

**COUNT IV**
**FEDERAL UNFAIR COMPETITION**
**(Defendants Mikhail Golubev and Rapidmodz, Inc.)**

84.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny that Count IV of GAMERMODZ's Complaint states a claim for federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

85.     GOLUBEV, GAMINGMODZ and RAPIDMODZ repeat and reallege their responses to paragraphs 1-65 above as if fully set forth herein.

86.     The statute alleged speaks for itself and no answer is required.

87.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 87 of GAMERMODZ's Complaint and demand strict proof thereof.

88.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 88 of GAMERMODZ's Complaint and demand strict proof thereof.

89.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 89 of GAMERMODZ's Complaint and demand strict proof thereof.

**COUNT V**
**COMMON LAW UNFAIR COMPETITION**
**(Defendants Mikhail Golubev and Gamingmodz, Inc.)**

90.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny that Count V of GAMERMODZ's Complaint states a claim for common law unfair competition.

91.     GOLUBEV, GAMINGMODZ and RAPIDMODZ repeat and reallege their responses to paragraphs 1-65 above as if fully set forth herein.

92.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 92 of GAMERMODZ's Complaint and demand strict proof thereof.

93.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 93 of GAMERMODZ's Complaint and demand strict proof thereof.

94.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 94 of GAMERMODZ's Complaint and demand strict proof thereof.

95.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 95 of GAMERMODZ's Complaint and demand strict proof thereof.

96.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 96 of GAMERMODZ's Complaint and demand strict proof thereof.

**COUNT VI**
**COMMON LAW UNFAIR COMPETITION**
**(Defendants Mikhail Golubev and Rapidmodz, Inc.)**

97.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny that Count VI of GAMERMODZ's Complaint states a claim for common law unfair competition.

98.     GOLUBEV, GAMINGMODZ and RAPIDMODZ repeat and reallege their responses to paragraphs 1-65 above as if fully set forth herein.

99.     GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained

in paragraph 99 of GAMERMODZ's Complaint and demand strict proof thereof.

100.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 100 of GAMERMODZ's Complaint and demand strict proof thereof.

101.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 101 of GAMERMODZ's Complaint and demand strict proof thereof.

102.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 102 of GAMERMODZ's Complaint and demand strict proof thereof.

103.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 103 of GAMERMODZ's Complaint and demand strict proof thereof.

**COUNT VII**
**VIOLATION OF FLORIDA DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT**
**(Defendants Mikhail Golubev and Gamingmodz, Inc.)**

104.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny that Count VII of GAMERMODZ's Complaint states a claim for unfair competition and deceptive and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 *et seq.*, Florida Statutes.

105.    GOLUBEV, GAMINGMODZ and RAPIDMODZ repeat and reallege their responses to paragraphs 1-65 above as if fully set forth herein.

106.    The statute alleged speaks for itself and no answer is required.

107.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 107 of GAMERMODZ's Complaint and demand strict proof thereof.

108.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 108 of GAMERMODZ's Complaint and demand strict proof thereof.

109.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained

in paragraph 109 of GAMERMODZ's Complaint and demand strict proof thereof.

110.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 110 of GAMERMODZ's Complaint and demand strict proof thereof.

GAMERMODZ's request for monetary damages under Florida Deceptive and Unfair Trade Practices Act, Section 501.201 et seq., Florida Statutes should be stricken, because GAMERMODZ directly competes with GOLUBEV, GAMINGMODZ and RAPIDMODZ.

### COUNT VIII
### VIOLATION OF FLORIDA DECEPTIVE AND
### <u>UNFAIR TRADE PRACTICES ACT</u>
### (Defendants Mikhail Golubev and Rapidmodz, Inc.)

111.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny that Count VIII of GAMERMODZ's Complaint states a claim for unfair competition and deceptive and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Acr, Section 501.201 *et seq*., Florida Statutes.

112.    GOLUBEV, GAMINGMODZ and RAPIDMODZ repeat and reallege their responses to paragraphs 1-65 above as if fully set forth herein.

113.    The statute alleged speaks for itself and no answer is required.

114.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 114 of GAMERMODZ's Complaint and demand strict proof thereof.

115.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 115 of GAMERMODZ's Complaint and demand strict proof thereof.

116.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained in paragraph 116 of GAMERMODZ's Complaint and demand strict proof thereof.

117.    GOLUBEV, GAMINGMODZ and RAPIDMODZ deny the allegations contained

in paragraph 117 of GAMERMODZ's Complaint and demand strict proof thereof.

GAMERMODZ's request for monetary damages under Florida Deceptive and Unfair Trade Practices Act, Section 501.201 et seq., Florida Statutes should be stricken, because GAMERMODZ directly competes with GOLUBEV, GAMINGMODZ and RAPIDMODZ.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

118.   Count I- GAMERMODZ failed to state a claim for federal service mark infringement against GOLUBEV and GAMINGMODZ under Section 32 of the Lanham Act, 15 U.S.C. §1114 because the GAMERMODZ mark is merely descriptive and has not acquired secondary meaning.

### SECOND AFFIRMATIVE DEFENSE

119.   Count II- GAMERMODZ failed to state a claim for federal service mark infringement against GOLUBEV and RAPIDMODZ under Section 32 of the Lanham Act, 15 U.S.C. §1114 because the GAMERMODZ mark is merely descriptive and has not acquired secondary meaning.

### THIRD AFFIRMATIVE DEFENSE

120.   Count III- GAMERMODZ failed to state a claim for federal unfair competition against GOLUBEV and RAPIDMODZ under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) because the GAMERMODZ mark is merely descriptive and has not acquired secondary meaning.

### FOURTH AFFIRMATIVE DEFENSE

121.   Count IV- GAMERMODZ failed to state a claim for federal unfair competition against GOLUBEV and RAPIDMODZ. under Section 43(a) of the Lanham Act, 15 U.S.C.

§1125(a) because the GAMERMODZ mark is merely descriptive and has not acquired secondary meaning.

### FIFTH AFFIRMATIVE DEFENSE

122.    Count V- GAMERMODZ failed to state a claim for common law unfair competition against GOLUBEV and GAMINGMODZ because the GAMERMODZ mark is merely descriptive and has not acquired secondary meaning.

### SIXTH AFFIRMATIVE DEFENSE

123.    Count VI- GAMERMODZ failed to state a claim for common law unfair competition against GOLUBEV and RAPIDMODZ because the GAMERMODZ mark is merely descriptive and has not acquired secondary meaning.

### SEVENTH AFFIRMATIVE DEFENSE

124.    Count VII- GAMERMODZ failed to state a claim for unfair competition and deceptive and unfair trade practices against GOLUBEV and GAMINGMODZ under the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 et seq., Florida Statutes because the GAMERMODZ mark is merely descriptive and has not acquired secondary meaning.

### EIGHTH AFFIRMATIVE DEFENSE

125.    Count VIII- GAMERMODZ failed to state a claim for unfair competition and deceptive and unfair trade practices against GOLUBEV and RAPIDMODZ under the Florida Deceptive and Unfair Trade Practices Act, Section 501.201 et seq., Florida Statutes because the GAMERMODZ mark is merely descriptive and has not acquired secondary meaning.

### FACTS SUPPORTING NINTH AFFIRMATIVE DEFENSE

126.    On January 6, 2009, Registration Certificate 3,559,281 was issued for the

GAMERMODZ mark on the Supplemental Register. On May 4, 2010, GAMERMODZ caused its counsel to demand that GAMINGMODZ and RAPIDMODZ cease and desist from using the GAMINGMODZ mark on the ground that it was confusingly similar to the GAMERMODZ mark. The May 4, 2010 cease and desist letter is attached hereto as Exhibit "D".

127.     Counsel for GAMERMODZ falsely asserted in its cease and desist letter that the GAMERMODZ mark was registered on the Principal Register when GAMERMODZ's counsel knew when they sent their cease and desist letter they had no legitimate basis to assert that the GAMERMODZ mark was registered on the Principal Register. As such, GAMERMODZ's counsel falsely asserted that GAMINGMODZ and RAPIDMODZ infringed the trademark of GAMERMODZ in violation of the Lanham Trademark Act, 15 U.S.C. §1114.

128.     Counsel for GAMERMODZ knew that when they sent their cease and desist letter they had no legitimate basis to assert that GAMINGMODZ and RAPIDMODZ could be liable for trademark infringement in violation of 15 U.S.C. §1114 because, pursuant to 15 U.S.C. §1094, registrations on the Supplement Register are not entitled to the presumptions of validity, registration, ownership and exclusive right to use provided by 15 U.S.C. §1115.

129.     GAMERMODZ's counsel falsely asserted that GAMINGMODZ committed trademark counterfeiting in violation of the Lanham Trademark Act, 15 U.S.C. §1114. Counsel for GAMERMODZ knew that when they sent their cease and desist letter they had no legitimate basis to assert that GAMINGMODZ and RAPIDMODZ could be liable for trademark counterfeiting in violation of 15 U.S.C. §1114 because, pursuant to 15 U.S.C. §1094, registrations on the Supplement Register may not form the basis for claims of trademark counterfeiting since Supplemental Register registrations are not entitled to the presumptions of validity, registration, ownership and exclusive right to use provided by 15 U.S.C. §1115.

130. GAMERMODZ's counsel falsely accused GAMINGMODZ and RAPIDMODZ of trademark infringement in violation of Florida Statutes §§495.131 and 495.151, unfair competition. Counsel for GAMERMODZ also falsely accused GAMINGMODZ and RAPIDMODZ of violating the Florida Deceptive and Unfair Trade Practices Act.

131. GAMERMODZ's counsel falsely accused GAMINGMODZ and RAPIDMODZ of tortiously interfering with business relationships of GAMERMODZ and copyright infringement. Counsel for GAMERMODZ falsely asserted that the employees, directors, officers and shareholders of GAMINGMODZ and RAPIDMODZ were liable to GAMERMODZ and demanded that GAMINGMODZ and RAPIDMODZ cease and desist from the alleged infringement. In addition, GAMERMODZ's counsel demanded that GAMINGMODZ and RAPIDMODZ pay GAMERMODZ $20,000.00.

## NINTH AFFIRMATIVE DEFENSE

132. GAMERMODZ's claims for equitable relief fail because of GAMERMODZ's, and GAMERMODZ's counsel's, unclean hands.

## TENTH AFFIRMATIVE DEFENSE

133. GAMERMODZ is not entitled to any relief from GOLUBEV, GAMINGMODZ and RAPIDMODZ based upon the allegations made in GAMERMODZ's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

134. GOLUBEV, GAMINGMODZ and RAPIDMODZ state that no act or omission of GOLUBEV, GAMINGMODZ and RAPIDMODZ, whether alleged in GAMERMODZ's Complaint or otherwise, was the legal, proximate or contributing cause of GAMERMODZ's alleged injuries and damages, thus barring any recovery against GOLUBEV, GAMINGMODZ and RAPIDMODZ.

**TWELFTH AFFIRMATIVE DEFENSE**

135.    GOLUBEV, GAMINGMODZ and RAPIDMODZ are entitled to set-off of any potential award of damages to GAMERMODZ based upon Defendant's Counterclaim in this matter.

**THIRTEENTH AFFIRMATIVE DEFENSE**

136.    Defendant state that GAMERMODZ's Complaint contains insufficient information to permit GOLUBEV, GAMINGMODZ and RAPIDMODZ to raise all of its potentially appropriate defenses and, therefore, GOLUBEV, GAMINGMODZ and RAPIDMODZ reserve their rights to amend and/or supplement this Answer with additional affirmative defenses.

<u>**REQUEST FOR ATTORNEY'S FEES**</u>

1.    GOLUBEV, GAMINGMODZ and RAPIDMODZ request an award of attorney's fees and costs in the event any of them are prevailing parties in the claims for trademark infringement contained in Counts I and II and unfair competition contained in Counts III and IV, as provided by the Lanham Trademark Act, 15 U.S.C. §1114.

2.    GOLUBEV, GAMINGMODZ and RAPIDMODZ request an award of attorney's fees and costs pursuant to F.S. § 501.2105 in the event any of them are prevailing parties in the claims brought pursuant to Florida Deceptive and Unfair Trade Practices Act, Section 501.201 *et seq.*, Florida Statutes.

3.    GAMERMODZ's claims of infringement are frivolous because the "GAMERMODZ" mark which it seeks to protect, cannot be protected. The mark is wholly descriptive of GAMERMODZ's business, namely, selling modified ("mods" or "modz") game controllers to video game players, also known as "gamers." Further, the "GAMERMODZ" mark

lacks secondary meaning, and was told so by the U.S. Patent and Trademark Office and reiterated by Defendants' counsel in communication exchanged with GAMERMODZ's counsel prior to the filing of this action.

**REQUEST FOR BOND**

133.     GOLUBEV, GAMINGMODZ and RAPIDMODZ request the Court require GAMERMODZ to post a bond in a reasonable amount to indemnify GOLUBEV, GAMINGMODZ and RAPIDMODZ for their damages incurred, including reasonable attorney's fees, in having to defend this frivolous suit, pursuant to Florida Deceptive and Unfair Trade Practices Act, Section 501.211(3).

134.     GAMERMODZ's suit herein is frivolous, without legal or factual merit, and was brought for the purpose of harassment. GAMERMODZ's claims of infringement are frivolous because the "GAMERMODZ" mark which it seeks to protect, cannot be protected. The mark is wholly descriptive of GAMERMODZ's business, namely, selling modified ("mods" or "modz") game controllers to video game players, also known as "gamers." Further, the "GAMERMODZ" mark lacks secondary meaning, and was told so by the U.S. Patent and Trademark Office and reiterated by Defendants' counsel in communication exchanged with GAMERMODZ's counsel prior to the filing of this action.

**JURY DEMAND**

GOLUBEV, GAMINGMODZ and RAPIDMODZ hereby demand a trial by jury of all issues so triable.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Counter-Plaintiffs, GAMINGMODZ INC. ("GAMINGMODZ"), a Florida corporation, and RAPIDMODZ INC. ("RAPIDMODZ"), a Florida corporation, by and through undersigned counsel, hereby bring the following Counterclaim for Declaratory Judgment against GAMERMODZ, LLC ("GAMERMODZ"), and in support thereof states as follows:

## INTRODUCTION

4.      The terms "mod," "mods," and "modz" are well understood among computer gamers as generic shorthand for "modifications," specifically modifications to computer game software or hardware that will give the computer gamer an advantage in gaming.

5.      GAMINGMODZ, RAPIDMODZ and GAMERMODZ are all in similar businesses: they sell "modz" for gaming to gamers.  GAMINGMODZ and RAPIDMODZ sell modified game controllers.  GAMERMODZ sells computer chips that gamers can use to modify computer game controllers.

6.      In this case, GAMINGMODZ and RAPIDMODZ seek declaratory judgments of noninfringement in the face of baseless threats upon false representations that GAMINGMODZ and RAPIDMODZ are infringing the trademark GAMERMODZ.

7.      GAMINGMODZ and RAPIDMODZ are entitled to a declaratory judgment because "GAMERMODZ" is merely descriptive of what GAMERMODZ sells, namely "modz" services for computer games.  A declaratory judgment should be entered in favor of GAMINGMODZ and RAPIDMODZ that they are not infringing the "GAMERMODZ" mark and that GAMINGMODZ and RAPIDMODZ have no liability to GAMERMODZ.

## JURISDICTION AND VENUE

8.      Counterclaim Plaintiff, GamingModz Inc., is a Florida corporation with its principal place of business at 100 Bayview Drive, Sunny Isles Beach, Florida.

9.      Counterclaim Plaintiff, RapidModz Inc., is a Florida corporation with its principal place of business at 100 Bayview Drive, Sunny Isles Beach, Florida.

10.     Counterclaim Defendant, GamerModz, LLC, is a Florida limited liability company with its principal place of business 4508 Oakfair Blvd., Tampa, Florida.

11.     This Court has subject matter jurisdiction of over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331 (federal question), 1338(a) and 28 U.S.C. §2201 (Declaratory Judgment Act).

12.     GAMERMODZ is subject to the personal jurisdiction of this Court because, among other things, it is registered as a Florida corporation with its principal place of business in Tampa, Florida and does business in Florida.

13.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as GAMERMODZ resides and may be found in this district.

14.     This Court has jurisdiction over the claims based on state law under 28 U.S.C. §1367.

## FACTS

15.     GAMINGMODZ and RAPIDMODZ are in the business selling modified game controllers to video game enthusiasts seeking an advantage in gaming.  GAMINGMODZ sells its "modz" through its website at www.gamingmodz.com. RAPIDMODZ sells its "modz" through its website at www.rapidmodz.com.  Both GAMINGMODZ and RAPIDMODZ strive "to deliver the best possible Xbox 360 controller mods & gaming console accessories for an affordable

price." *See* printouts of the homepages of GAMINGMODZ and RAPIDMODZ websites attached hereto as Exhibit "A."

16.   GAMERMODZ is in the business of selling computer chips that gamers use to modify their game controllers, and services to modify game controllers, to game enthusiasts seeking an advantage in gaming through its website at www.gamermodz.com. *See* printout of the homepage of GAMERMODZ website attached hereto as Exhibit "B."

17.   On February 15, 2008, GAMERMODZ filed an application with the USPTO to register "GAMERMODZ (Serial No. 77398692) in International Class 41 for "providing video and computer game controller modification services."

18.   On May 29, 2008, the USPTO refused registration of GAMERMODZ on the ground that GAMERMODZ is merely descriptive of the services provided by GAMERMODZ, namely the provision of video and computer game controller modification services.  A copy of the May 29, 2008 Office Action is attached hereto as Exhibit "C".

19.   The USPTO correctly refused registration of GAMERMODZ on the ground that that "the term 'MOD' refers to enhancements or modifications made by PC and gaming enthusiasts to their computer systems."  The Office Action further determined that the term "gamer" is defined as "one who plays games."  "Based on the meaning of the term MOD, in relation to the services provided by [GAMERMODZ], it is clear that the proposed mark merely describes the intended user of the proposed services.  In other words, [GAMERMODZ's] computer game controller modification services are used by gamers." *See* the May 29, 2008 Office Action is attached hereto as Exhibit "C".

20.   On November 25, 2008, GAMERMODZ amended its application to request registration on the Supplemental Register.

21.     On January 6, 2009, Registration Certificate 3,559,281 was issued for the GAMERMODZ mark on the Supplemental Register.

22.     On May 4, 2010, GAMERMODZ caused its counsel to demand that GAMINGMODZ and RAPIDMODZ cease and desist from using the GAMINGMODZ mark on the ground that it was confusingly similar to the GAMERMODZ mark. The May 4, 2010 cease and desist letter is attached hereto as Exhibit "D."

23.     Counsel for GAMERMODZ falsely asserted in its cease and desist letter that the GAMERMODZ mark was registered on the Principal Register.

24.     GAMERMODZ's counsel knew when they sent their cease and desist letter they had no legitimate basis to assert that the GAMERMODZ mark was registered on the Principal Register.

25.     Counsel for GAMERMODZ falsely asserted that GAMINGMODZ and RAPIDMODZ infringed the trademark of GAMERMODZ in violation of the Lanham Trademark Act, 15 U.S.C. §1114.

26.     GAMERMODZ's counsel knew that when they sent their cease and desist letter they had no legitimate basis to assert that GAMINGMODZ and RAPIDMODZ could be liable for trademark infringement in violation of 15 U.S.C. §1114 because, pursuant to 15 U.S.C. §1094, registrations on the Supplement Register are not entitled to the presumptions of validity, registration, ownership and exclusive right to use provided by 15 U.S.C. §1115.

27.     Counsel for GAMERMODZ falsely asserted that GAMINGMODZ committed trademark counterfeiting in violation of the Lanham Trademark Act, 15 U.S.C. §1114.

28.     GAMERMODZ's counsel knew that when they sent their cease and desist letter they had no legitimate basis to assert that GAMINGMODZ and RAPIDMODZ could be liable

for trademark counterfeiting in violation of 15 U.S.C. §1114, because pursuant to 15 U.S.C. §1094 registrations on the Supplement Register may not form the basis for claims of trademark counterfeiting since Supplemental Register registrations are not entitled to the presumptions of validity, registration, ownership and exclusive right to use provided by 15 U.S.C. §1115.

29. GAMERMODZ's counsel falsely accused GAMINGMODZ and RAPIDMODZ of trademark infringement in violation of Florida Statutes §§495.131 and 495.151.

30. Counsel for GAMERMODZ falsely accused GAMINGMODZ and RAPIDMODZ of the tort of unfair competition.

31. Counsel for GAMERMODZ falsely accused GAMINGMODZ and RAPIDMODZ of violating the Florida Deceptive and Unfair Trade Practices Act.

32. GAMERMODZ's counsel falsely accused GAMINGMODZ and RAPIDMODZ of tortiously interfering with business relationships of GAMERMODZ.

33. Counsel for GAMERMODZ falsely accused GAMINGMODZ and RAPIDMODZ of copyright infringement.

34. GAMERMODZ's counsel falsely asserted that the employees, directors, officers and shareholders of GAMINGMODZ and RAPIDMODZ were liable to GAMERMODZ.

35. GAMERMODZ's counsel demanded that GAMINGMODZ and RAPIDMODZ cease and desist from the alleged infringement.

36. GAMERMODZ's counsel demanded that GAMINGMODZ and RAPIDMODZ pay GAMERMODZ $20,000.00.

37. GAMINGMODZ and RAPIDMODZ maintain that they are not infringing on the GAMERMODZ mark, that the GAMERMODZ mark is not entitled to federal or state trademark protection, that GAMINGMODZ and RAPIDMODZ have not violated the Lanham Trademark

Act, the federal Copyright Act, the Florida Trademark Act, the Florida Deceptive and Unfair Trade Practices Act, committed unfair competition or committed tortious interference with business relations in violation of Florida common law.

## COUNT I – DECLARATORY JUDGMENT
**(Declaratory Judgment of Non-Infringement of Federal Trademark)**

38.     GAMINGMODZ and RAPIDMODZ reallege paragraphs 1 through 34 as if fully set forth herein.

39.     An actual and justiciable case and controversy exists between the parties as to whether GAMINGMODZ and RAPIDMODZ infringe the GAMERMODZ mark.

40.     Declaratory judgment should be entered that GAMINGMODZ and RAPIDMODZ do not infringe the GAMERMODZ mark.

## COUNT II – DECLARATORY JUDGMENT
**(Declaratory Judgment of Non-Infringement of Federal Copyright)**

41.     GAMINGMODZ and RAPIDMODZ reallege paragraphs 1 through 34 as if fully set forth herein.

42.     An actual and justiciable case and controversy exists between the parties as to whether GAMINGMODZ and RAPIDMODZ have infringed any copyright owned by GAMERMODZ.

43.     Declaratory judgment should be entered that GAMINGMODZ and RAPIDMODZ have not infringed any copyright owned by GAMERMODZ.

## COUNT III – DECLARATORY JUDGMENT
**(Declaratory Judgment of Non-Infringement of Florida Trademark)**

44.     GAMINGMODZ and RAPIDMODZ reallege paragraphs 1 through 34 as if fully set forth herein.

45.     An actual and justiciable case and controversy exists between the parties as to whether GAMINGMODZ and RAPIDMODZ infringe the GAMERMODZ mark in violation of the Florida Trademark Act.

46.     Declaratory judgment should be entered that GAMINGMODZ and RAPIDMODZ do not infringe the GAMERMODZ mark in violation of the Florida Trademark Act.

## COUNT IV – DECLARATORY JUDGMENT
### (Declaratory Judgment on Tort of Unfair Competition)

47.     GAMINGMODZ and RAPIDMODZ reallege paragraphs 1 through 34 as if fully set forth herein.

48.     An actual and justiciable case and controversy exists between the parties as to whether GAMINGMODZ and RAPIDMODZ have committed unfair competition that damaged GAMERMODZ.

49.     Declaratory judgment should be entered that GAMINGMODZ and RAPIDMODZ have not committed unfair competition that damaged GAMERMODZ.

## COUNT V – DECLARATORY JUDGMENT
### (Declaratory Judgment on Interference with Advantageous Business Relations)

50.     GAMINGMODZ and RAPIDMODZ reallege paragraphs 1 through 34 as if fully set forth herein.

51.     An actual and justiciable case and controversy exists between the parties as to whether GAMINGMODZ and RAPIDMODZ have interfered with the advantageous business relations of GAMERMODZ.

52.     Declaratory judgment should be entered that GAMINGMODZ and RAPIDMODZ have not interfered with the advantageous business relations of GAMERMODZ.

## COUNT VI – DECLARATORY JUDGMENT
**(Declaratory Judgment on Florida Deceptive and Unfair Trade Practices Act)**

53.     GAMINGMODZ and RAPIDMODZ reallege paragraphs 1 through 34 as if fully set forth herein.

54.     An actual and justiciable case and controversy exists between the parties as to whether GAMINGMODZ and RAPIDMODZ have violated the Florida Deceptive and Unfair Trade Practices Act.

55.     Declaratory judgment should be entered that GAMINGMODZ and RAPIDMODZ have not violated the Florida Deceptive and Unfair Trade Practices Act.

WHEREFORE, Counterclaim Plaintiffs, GAMINGMODZ INC. and RAPIDMODZ INC pray and request that the Court:

A.     Enter declaratory judgment for GAMINGMODZ and RAPIDMODZ on each count of the Counterclaim,

B.     Award GAMINGMODZ and RAPIDMODZ their attorneys' fees and costs of this action pursuant to the Lanham Trademark Act, the Copyright Act, the Florida Trademark Act, and the Florida Deceptive and Unfair Trade Practices Act;

C.     Enter such other and further relief to which GAMINGMODZ and RAPIDMODZ may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

**JURY DEMAND**

GAMINGMODZ and RAPIDMODZ hereby demand a trial by jury of all issues so triable.

Arnstein & Lehr, LLP
Northbridge Centre, Suite 600
515 North Flagler Drive
West Palm Beach, FL33401
Telephone:      (561) 833-9800
Facsimile:      (561) 655-5551
Attorneys for Defendants


By:    /s/ Misha J. Kerr
       Joel B. Rothman
       Florida Bar No. 98220
       JRothman@arnstein.com
       Misha J. Kerr
       Florida Bar No. 39652
       MJKerr@arnstein.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of November, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Arnstein & Lehr, LLP
Northbridge Centre, Suite 600
515 North Flagler Drive
West Palm Beach, FL 33401
Telephone:     (561) 833-9800
Facsimile:     (561) 655-5551
Attorneys for Defendants


By:    /s/ Misha J. Kerr
       Joel B. Rothman
       Florida Bar No. 98220
       JRothman@arnstein.com
       Misha J. Kerr
       Florida Bar No. 39652
       MJKerr@arnstein.com

**SERVICE LIST**

**GAMERMODZ, LLC, a Florida limited liability company, GAMERMODZ v. MIKHAIL GOLUBEV, an individual, GAMINGMODZ, INC., AND RAPIDMODZ, INC., Florida corporations, Defendants**
**CASE NO.  8:10-CV-01466-JDW-TGW**
**United States District Court, Middle District of Florida**

Thomas T. Steele, Esq.
Florida Bar No. 158613
tsteele@steelelawgroup.com
Sarah M. Hammett
Florida Bar No. 52197
shammett@steelelawgroup.com
Steele Law Group, P.A.
201 East Kennedy Boulevard, Suite 425
Tampa, Florida 33602
Telephone:  813-223-2060
Facsimile: 813-223-2065
(Counsel for GAMERMODZ)

9303872.1