UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAMERMODZ, LLC,

    Plaintiff,

vs.                                    Case No. 8:10-cv-1466-T-27TGW

MICHAIL GOLUBEV, *et al.*,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is a Report and Recommendation (Dkt. 77) submitted by the Magistrate Judge recommending that Defendants' Motion to Strike Plaintiff's Memorandum of Law and Exhibits Filed in Opposition to Defendants' Motion for Summary Judgment (Dkt. 63) and Defendants' Dispositive Motion for Summary Judgment (Dkt. 35) be **GRANTED** in part and **DENIED** in part. Defendants have filed objections to the Report and Recommendation (Dkt. 78) to which Plaintiff GamerModz, LLC ("GamerModz") has responded (Dkt. 88).

### *Summary*

The Magistrate Judge recommends that Defendants' Motion to Strike be granted as to the declarations of Coy A. Christmas and Johan Matthew Coe, and Exhibits C and D to the Declaration of Colin Jones. No party has filed timely objections to the Magistrate Judge's recommendations with respect to the Defendants' Motion to Strike.

The Magistrate Judge also recommends that Defendants' Motion for Summary Judgment be granted as to GamerModz's claims against RapidModz, Inc. ("RapidModz") and Mikhail Golubev

("Golubev"), but denied as to Plaintiff's claims against GamingModz, Inc. ("GamingModz") and the Defendants' counterclaims. Defendants filed timely objections to the Magistrate Judge's recommendation that the Court deny GamingModz's request for summary judgment, but do not object to the Magistrate Judge's recommendation that the Motion for Summary Judgment be denied as to the Defendants' counterclaims.

After careful consideration of the Report and Recommendation and Defendants' objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

### *Standard*

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or ... recommendation to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3).

Summary judgment is proper if, following discovery, the pleadings, depositions, answers to interrogatories, affidavits and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. All the evidence and factual inferences reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004).

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323-24. The evidence must be significantly probative to support the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## *Discussion*

Defendants challenge the Magistrate Judge's conclusion that sufficient evidence exists for a jury to determine that the GAMERMODZ mark had acquired secondary meaning on or before the date GamingModz commenced business (*i.e.*, December 2009).[1] Defendants do not contend that the Magistrate Judge applied the wrong law, but rather argue that the Magistrate Judge erred in finding that the "meager evidence of secondary meaning" presented by GamerModz was enough to avoid summary judgment.

The parties do not challenge the Magistrate Judge's determination that the name GAMERMODZ was descriptive. A "descriptive" mark identifies a characteristic or quality of the product. *See Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1358 (11th Cir. 2007). A descriptive mark is not inherently distinctive, and receives protection only if it has acquired a secondary meaning in the minds of relative consumers. 15 U.S.C. § 1052(f); *see Investacorp, Inc. v. Arabian Inv. Banking Corp.*, 931 F.2d 1519, 1522 (11th Cir. 1999); *Coach House Rest., Inc. v. Coach and Six Rests., Inc.*, 934 F.2d 1551, 1560 (11th Cir. 1991). A name has acquired secondary meaning when

---

[1] The Court accepts without further comment the Magistrate Judge's well reasoned recommendations relating to the Defendants' Motion to Strike and the Defendants' Motion for Summary Judgment as it relates to Plaintiff's claims against RapidModz and Golubev as well as the Defendants' counterclaims.

"the primary significance of the term in the minds of the consuming public is not the product but the producer." *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 118 (1938); *see St. Luke's Cataract and Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186, 1208-09 (11th Cir. 2009).

The determination of whether a mark has acquired secondary meaning depends on "the length and nature of the name's use, the nature and extent of advertising and promotion of the name, the efforts of the proprietor to promote a conscious connection between the name and the business, and the degree of actual recognition by the public that the name designates the proprietor's product or service." *Welding Servcs., Inc.*, 509 F.3d at 1358; *accord St. Lukes*, 574 F.3d at 1209. In addition, instances of customer confusion and intentional copying of the mark by a defendant are relevant to a determination of secondary meaning. *See Caliber Automotive Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC*, 605 F.3d 931, 939 n. 39 (11th Cir. 2010); *Brooks Shoe Mfg. Co., Inc. v. Suave Shoe Corp.*, 716 F.2d 854, 860 (11th Cir. 1983).

The senior user must prove the existence of secondary meaning by the time the junior user began use of the allegedly infringing mark. *Gift of Learning Foundation, Inc. v. TGC, Inc.*, 329 F.3d 792, 800 (11th Cir. 2003). GamerModz has the burden of demonstrating that its mark acquired secondary meaning. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The existence of a secondary meaning is a question of fact. *See Coach House Rest., Inc.*, 934 F.2d at 1560; *St. Luke's*, 573 F.3d at 1209.

Defendants argue that the Magistrate Judge erred in concluding that the result of GamerModz's marketing efforts (*i.e.*, visits to the www.gamermodz.com website) was probative of secondary meaning. Dkt. 78, p. 5. In this regard, the Magistrate Judge concluded: "GamerModz's substantial advertising expenses have resulted in widespread exposure of the GAMERMODZ mark

in relation to the plaintiff's company. This is relevant evidence of secondary meaning." Dkt. 77, p. 39. The Court agrees with the Magistrate Judge that "as a result of the widespread exposure to the mark on the plaintiff's website, it may reasonably be inferred that relevant consumers have come to associate GAMERMODZ with the plaintiff." Dkt. 77, p. 35.[2]

Defendants next argue that a single instance of customer confusion occurring five months after GamingModz registered its domain name is legally irrelevant. Dkt. 78, p. 8. The Magistrate Judge, however, correctly found that GamerModz produced evidence of other instances of customer confusion (*i.e.*, "beginning in April 2010, consumers sought from [GamerModz] refunds, repairs, and inspection of items purchased from defendant GamingModz"). Dkt. 77, p. 40. In addition, the Magistrate Judge properly recognized that while the evidence of customer confusion is of limited probative value because of when it occurred, such evidence reasonably permits an inference that by December 2009 secondary meaning had developed. Dkt. 77, p. 40-41.

Defendants also argue that because the evidence of intentional copying produced by GamerModz applied equally to both RapidModz and GamingModz such evidence cannot be used to establish that GamingModz copied GAMERMODZ from GamerModz as opposed to from RapidModz (*i.e.*, GamingModz's sister company). Dkt. 78, p. 9. Specifically, Defendants argue

---

[2] The Magistrate Judge specifically addressed this argument, stating:

> The defendants attempt to minimize the significance of these promotional efforts, arguing that the plaintiff cannot correlate its advertising expenses to the GAMERMODZ mark because the cost of Google AdWords is attributable primarily to keywords which do not include the term GAMERMODZ. This contention is unpersuasive because the Google AdWords marketing resulted in more than 200,000 visits to the website, where consumers were exposed to the GAMERMODZ mark in connection with the plaintiff's products and services.

Dkt. 77, p 35.

"[t]here is no evidence that the second defendant copied *from plaintiff* as distinguished from copying the activities of its own sister company" that had been using the metatag "gamermodz" for almost a year before its use by GamingModz. Dkt. 78, p. 10. This argument ignores the fact that the Magistrate Judge did not conclude that RapidModz's use of the metatag "gamermodz" was proper, but rather only that GamerModz failed to produce sufficient evidence to avoid summary judgment on the issue of whether GAMERMODZ had secondary meaning as of February 2009. Dkt. 77, pp. 43-46.[3] In fact, the Magistrate Judge specifically found that the evidence of copying only applied to GamingModz (*i.e.*, the record contained only **speculation** that RapidModz used the metatag "gamermodz"). Dkt. 77, p. 46. The Court agrees with the Magistrate Judge that evidence that GamingModz used "gamermodz" as a metatag is strong evidence that as of December 2009, the term GAMERMODZ had acquired secondary meaning. *See, e.g., Playboy Enterp., Inc. v. P.K. Sorren Export Co.*, 546 F.Supp. 987, 996 (S.D. Fla. 1982).

Finally, Defendants argue that the Magistrate Judge ignored undisputed evidence relating to GamerModz's lack of exclusive use and the short duration of its use of the GAMERMODZ mark. Dkt. 78, p. 13. This argument is misplaced, however, because it assumes that RapidModz's concurrent use of the GAMERMODZ mark was lawful and ignores the fact that GamerModz exclusively used the mark for at least a year before RapidModz began using the mark. *See* Dkt. 77, pp. 4, 46 n.22. To the extent non-exclusive use weighs against a finding of secondary meaning, the weight to be afforded this issue is a question of fact not properly resolved on summary judgment.

---

[3] The Magistrate Judge noted: "[T]he court is not concluding that secondary meaning did not exist by February 2009, only that the plaintiff failed to present evidence with regard to this time period." Dkt. 77, p.46, n.22. The Magistrate Judge reached this conclusion because the evidence offered to establish secondary meaning did not delineate between events occurring between "the Fall of 2007 and November 2009." Dkt. 77, p. 45, n. 20 ("Tellingly, Jones himself opines the GAMERMODZ mark acquired secondary meaning '[b]y late 2009'").

*See Vision Center v. Opticks*, 596 F.2d 111, 119 (5th Cir. 1979) ("[C]ourts have summarily rejected claims of secondary meaning predicated *solely* upon the continued use of the mark for many years.") (emphasis added); *see also Echo Travel, Inc. v. Travel Associates, Inc.*, 870 F.2d 1264, 1269 (7th Cir. 1989) ("[although] *evidence of third party use is not conclusive*, third party use ... weighs against a finding [of secondary meaning]") (emphasis added).[4]

### *Conclusion*

Although each separate piece of evidence offered by GamerModz may, standing alone, be insufficient to establish secondary meaning, when the *totality* of the evidence and the factual inferences reasonably drawn therefrom are viewed in the light most favorable to GamerModz, a genuine issue of material fact as to the existence of secondary meaning precludes entry of summary judgment in favor of GamingModz.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)   The Report and Recommendation (Dkt. 77) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

(2)   Defendants' Motion to Strike Plaintiff's Memorandum of Law and Exhibits Filed in Opposition to Defendants' Motion for Summary Judgment (Dkt. 63) is **GRANTED** in part and **DENIED** in part. The declarations of Coy A. Christmas (Dkt. 58) and Jonah Matthew Coe (Dkt. 59), and Exhibits C and D to the Declaration of Colin Jones (Dkt. 61) are **STRICKEN**.

---

[4] In contrast, the Magistrate Judge properly noted in recommending that summary judgment be granted in favor of RapidModz that "mere use of the mark[, standing alone,] is insufficient to show it acquired distinctiveness." Dkt. 77, p. 46.

(3)     Defendants' Dispositive Motion for Summary Judgment (Dkt. 35) is **GRANTED** with respect to Plaintiff's claims against Rapid Modz, Inc. and Mikhail Golubev and **DENIED** as to Plaintiff's claims against GamingModz, Inc. and the Defendant's counterclaims.

**DONE AND ORDERED** in chambers this 7th day of October 2011.

/s/ Whittemore
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record